**Mrs. Hattye H. GIBSON, Individually and as Independent Executrix etc., Appellant,**

**v.**

**AMERICAN NATIONAL INSURANCE COMPANY, Appellee.**

**No. 4615.**

Court of Civil Appeals of Texas.

Waco.

Aug. 3, 1967.

Rehearing Denied Aug. 24, 1967.

Markwell, Stubbs, Decker, Dalehite & Youngblood, Theodore B. Stubbs, Galveston, Fountain, Cox & Gaines, Joyce Cox, Houston, for appellant.

Dibrell, Dibrell & Greer, Louis J. Dibrell, Roland L. Bassett, Galveston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Gibson from a summary judgment that plaintiff take nothing in her suit against defendant insurance company, to recover an apportionment of the company's surplus profits and a reasonable dividend on a certain profit-sharing life insurance policy issued on the life of William Hammersmith.

Plaintiff is heir and Independent Executrix of Ida Hammersmith, deceased, who was the widow of William Hammersmith, deceased.

William Hammersmith took out a $5,000. life insurance policy in 1906 with defendant Insurance Company. The policy provided for an annual premium of $184.50 to be paid for 20 years, and further:

"IX Dividend

"If the insured be living and this policy in force on 8 February, 1926, the Company will pay to the Insured, or assigns, a CASH DIVIDEND, consisting of this Policy's full share of Surplus Profits, as determined by the Actuaries of the Company, and this Policy may then be continued or surrendered by said Insured, or assigns, under one of the following options. Until said date no dividend shall be apportioned to this Policy."

"Options * * *

"3) Draw dividend in cash and continue Policy as a paid up life Policy for its full amount * * *."

*    *    *    *    *    *

"XI Trust Fund Privilege

"At the time this Policy becomes payable as a claim the proceeds * * * may be left during the lifetime of the beneficiary in trust with the Company, and the Company will pay thereon, so long as the said amount remains with the Company, interest at the rate of 3% per annum, *together with such annual dividend as may be apportioned by the Company*. The said trust fund shall be paid at the death of the beneficiary to the executors * * *, but may be withdrawn at any time with accrued interest."

William Hammersmith paid the premiums for the 20 years and subsequent to 8 February, 1926 elected Option 3, supra, to continue his policy as a paid up life policy for its full amount. The record reflects that Hammersmith was paid $1567.99 subsequent to 8 February, 1926 and prior to April, 1941.

Hammersmith died on May 4, 1941 and his widow beneficiary, Ida Hammersmith, elected under provision XI, supra, to leave

the $5,000.00 face of the policy with the Company to be held as set out in the "Trust Fund Privilege" provision of the policy.

Thereafter, Ida Hammersmith received each year $150 (or 3% interest on the $5,000.), but received no other apportionment on such policy from the Company. Mrs. Hammersmith died in 1957. Defendant Insurance Company, in August, 1958, paid the $5,000 face of the policy, plus $50.50 accrued interest to plaintiff.

Plaintiff, as executrix, filed this case in 1961, alleging that defendant Insurance Company had not made a reasonable apportionment of the company's surplus profits for annual dividend during the period from 1926 to the death of Mr. Hammersmith in 1941, nor during the period from 1941 until the death of Mrs. Hammersmith in 1957.

Defendant moved for summary judgment that plaintiff take nothing, asserting plaintiff's causes of action were barred by the Four Year Statute of Limitations; that dividends were paid to Hammersmith during the 1926–1941 period; that plaintiff was entitled to no recovery as a matter of law under Paragraph XI of the policy because such provides *"such annual dividend as may be apportioned by the Company,"* and attached affidavit of the Vice President and Actuary of the Company reflects no dividends were in fact apportioned by the Company during the 1941 to 1957 period.

The trial court entered summary judgment that plaintiff take nothing.

Plaintiff appeals on 6 points, contending the trial court erred in rendering summary judgment that it take nothing; and that the provision for "such annual dividend as may be apportioned by the Company", does not give the Company the arbitrary right to apportion no dividends whatever.

■ That part of the case seeking dividends under provision IX of the policy, and for the period between 1926 and 1941, is barred by the Four Year Statute of Limitation. Moreover, the record reflects that Mr. Hammersmith actually received some $1567 as dividends during this period.

■ Dividends asserted to be due during the period from 1941 to 1957 are governed by provision XI of the policy. Such provided that Mrs. Hammersmith, the beneficiary, could leave the $5,000. due at the death of Mr. Hammersmith, with the Company and receive 3% interest thereon, "together with such annual dividend as may be apportioned by the Company." It is undisputed that Mrs. Hammersmith received the 3%, and further that no dividend was apportioned by the Company. The contract has been complied with, and has not been breached. Defendant Company has paid the $5,000., together with all interest due to plaintiff after the death of Mrs. Hammersmith.

The summary judgment is correct. All plaintiff's points and contentions are overruled.

Affirmed.